The Chief Justice
delivered the opinion of the court.
This is a second appeal in this case, and the record appears to be identical with that which was before the court at the last term, when the appeal was dismissed because there was 'no final judgment. The last order of the court was in these words: "Motion granted. Plaintiff excepts and gives notice in open court of intention to appeal,” signed by the Judge January 21, 1879. This was indorsed upon the paper called a motion in arrest of judgment. There is yet no final judgment under this order. The appellant considers this order a final judgment from which an appeal can be taken. This court at the last* term held that it was not and dismissed the appeal for that reason. Like the usual indorsement upon a demurrer by the judge: "Demurrer sustained” or "demurrer overruled,” it is only an order upon which judgment may be entered sustaining or overruling a demurrer. •
The following from Sellon’s Practice, Vol. 1, 497, will give an idea of the proper practice in such cases: "Defendant had moved in arrest of judgment, and obtained the common rule, which is, that the entry of judgment be stayed until the court be moved on behalf of the plaintiff, and shall otherwise order, of which motion defendant had notice. Counsel for plaintiff admitted the objection in point of law, and prayed that an entry be made upon the' roll as the adjudication of the court that judgment be arrested, which was ordered. For till this entry be made, the plaintiff can neither bring error, nor maintain a new action, as the rule leaves the action pending pleadable in bar to a new action.”
The indorsement made by the judge in the case at bar was, in effect, thus: "The motion in arrest of judgment, was granted; let judgment be entered accordingly.” But there was no entry in the rolls after this, and so the matter *210 stands. The following, from Robinson’s Forms, will give an indication of the proper entry to be made:
“This day, &c., and thereupon the matters of law arising upon the errors filed in arrest of judgment on the jury’s verdict in this cause, and upon other errors assigned at the bar, being argued, it seems to the court that the said errors are sufficient m law to stay the judgment on the verdict aforesaid; therefore, it is considered that the plaintiff take nothing by his bill,” or declaration, &c., (concluding, as in other judgments, for defendant.)
There being no final judgment authorizing an appeal, this appeal is dismissed at appellant’s costs.