## FISHER v. McKEEMIE.

No. 3666.   Opinion Filed October 13, 1914.

(143 Pac. 850.)

1.   **GUARDIAN AND WARD**—Lease of Land—Order of Court—Necessity. Act Cong. April 26, 1906, c. 1876, 34 St. at L. 145, required that allotments of minor Indians be leased under orders of the proper court. Section 2405, Stat. Ind. Ter. (sec. 3509, Mansf. Dig. Ark.), construed, and held, that an order of court permitting a guardian to lease his ward's land is indispensable to a valid lease.

2.   **SAME**—"Order of Court." Where an instrument consists, first, of a petition of a guardian to the judge for an order to lease the ward's property, and second, the lease upon which is indorsed "Approved 3-3-07. Thomas C. Humphrey. Judge" —the same does not constitute an "order of court," as required by the statute.

3.   **SAME**—Indorsement on Lease. Where a lease has indorsed thereon: "Antlers, I. T.   Mar. 3, 1907. I have carefully examined the within lease and respectfully recommend the approval of the same. F. D. Capping, Probate Master" and "Ap-

proved 3-3-07. Thomas C. Humphrey, Judge''—the same is not sufficient to show an appointment of a master, his report thereon, and confirmation thereof by the court, and the same does not amount to an order of the court approving or authorizing the lease.

4.    **EVIDENCE — Documents — Lease of Indian Land — Validity.** Where an instrument, purporting to be a lease executed by the guardian of a minor Indian, but not shown to have been executed upon the order of court of probate, as provided by section 2405, Stat. Ind. Ter., is offered in evidence, an objection to its competency is properly sustained.

(Syllabus by the Court.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Ejectment by Will McKeemie against F. B. Fisher. Judgment for plaintiff, and defendant brings error. Affirmed.

*Bridges & Vertrees,* for plaintiff in error.

*H. A. Ledbetter,* for defendant in error.

LOOFBOURROW, J.    This is an action in ejectment, and from a judgment in favor of the plaintiff, defendant appeals.

There is but one question involved in this appeal. Amanda Benton, a minor Choctaw Indian, was the owner of certain real estate. One George Benton was appointed guardian, and as such guardian executed a certain lease of said real estate to H. L. Welch for a period of five years. J. B. Fisher, plaintiff in error, occupied the premises as the tenant of Welch. On the trial of the cause said lease was offered in evidence, whereupon plaintiff objected to its introduction, for the reason that the lease was not approved by the probate court in the district wherein the guardian was appointed, and that the instrument is therefore incompetent, irrelevant, and immaterial, which objection was, by the court, sustained. Attached to and as a part of the lease contract is a petition for an order approving the lease, the caption of which is as follows:

"In the United States Court for the Central District of· the Indian Territory at ———, No. ——— Probate.
"In the Matter of the Application of George Benton, Guardian of Amanda Benton, Minor.

"Petition for an Order Approving Lease.

"To the Judge of said Court:   *   *   *"

Following the verification of the instrument is the following notation:

"Antlers, I. T., Mar. 3, 1907.

"I have carefully examined the within lease and respectfully recommend the approval of the same. F. C. Capping, Probate Master.

"Approved. 3-3-07.

"Thomas C. Humphrey,
"Judge."

Section 20 of the act of Congress of April 26, 1906, provides "that allotments of minors and incompetents·may be rented or leased under order of the proper court." At the time this purported lease was executed the probate laws of Arkansas were in force, and the statutes relative to the lease or sale of real estate of minors, as compiled in the Indian Territory Statutes, are as follows:

"Sec. 2405. When it shall appear that it would be for the benefit of a ward that his real estate, or·any part thereof, be sold or leased and the proceeds put on interest, or invested in productive stocks, or in other real estate, his guardian or curator may sell or lease the same accordingly upon obtaining an order for such sale or lease from the court of probate of the county in which such real estate or the greater part thereof shall be situate.

. "Sec. 2406. To obtain such order, the guardian or curator shall present to the court a petition setting forth the condition of the estate and the facts and circumstances on which the petition is founded.

"Sec. 2407. If, after a full examination on the oath of creditable and disinterested witnesses, it appears to the court that it would be for the benefit of the ward that the real estate, or any part of it, should be sold or leased, the court may make an appropriate order for such sale or lease, under such regulations and conditions, subject to the provisions of this chapter in relation to the sale of real estate of minors, as the court shall consider suited to the case, first requiring the guardian or curator to enter into good and sufficient bonds to make such leases and conduct such sales with fidelity to the interest of his ward, and

faithfully to account for the proceeds of such sales and leases according to law and as the order of the court may require."

The Court of Appeals of the Indian Territory, in the case of *Indian Land & Trust Co. v. Shoenfelt et al.,* 5 Ind. T. 41, 79 S. W. 134, construed the above sections of the statute and held that no guardian can lease his ward's lands without an order of the court. It now becomes important to ascertain the meaning of the words "order of court." "Order" is defined (section 3408, Stat. Ind. Ter.; section 5203, Mansf. Dig. Ark.) as follows:

"Every direction of a court or judge entered upon the order book, or made in writing, in a civil action, and not included in the judgment, is denominated an order."

29 Cyc. p. 1514:

"The caption of an order of court must truly state when and where the order was made."

"While an order of the court should be styled as such, and not as an order of the justice directing its entry, yet when it appears from the notice of motion and the body of the order that it was made by the court, the absence of a caption does not prevent the order from being regarded as one made by the court."

In *Whitney v. Belden,* 4 Paige (N. Y.) 140, it is held:

"Neither party can have any benefit from a decision of the court until the order upon such decision is drawn up and perfected."

In *Park v. Lide,* 90 Ala. 246, 7 South. 805, it is held that a memorandum "demurrer overruled," entered upon the court docket, is not a decree which will support an assignment of error, but a mere direction to the registrar from which a decree might be developed "by formal incorporation in the minutes of the court."

In *Sedgwick v. Dawkins,* 17 Fla. 811, held an indorsement on motion papers used on motion to arrest judgment of the words "motion granted," signed by the judge, is not a final judgment from which an appeal can be taken, but a mere order for the entry of an order staying judgment on the verdict. For extensive notes as to what entry or record is necessary to complete a judgment or order, see *Weber v. Mayer* (N. D.) 28 L. R. A. 621.

We are therefore of opinion that the memorandum appearing on the lease, signed, "F. B. Capping, Probate Master," and the words, "Approved 3-3-07," signed "Thomas C. Humphry, Judge," is not a sufficient compliance with the statute, and that the same does not constitute an order. We apprehend that it was the practice in the Indian Territory at that time for the Judge of the United States Court to appoint referees or masters to hear testimony and submit findings of fact and conclusions of law thereon. We know of no such office as a probate master, and if F. B. Capping was appointed master in these proceedings, such appointment should be of record, as well as his report in such proceeding, together with an order of the court confirming the master's report in order to make the lease valid. Again, the law required this lease to be made upon the order of the *court*. This court, in *Re McClaskey,* 2 Okla. 568, 37 Pac. 854, quotes with approval from an opinion written by Justice Johnston, Supreme Court of Kansas, *In re Terrill,* 52 Kan. 29, 34 Pac. 457, 39 Am. St. Rep. 327, wherein it is said:

"To perform the function of a court, the presence of the officers constituting the court is necessary, and they must be present at the time and place appointed by law. A 'court' is defined by Bacon to be 'an incorporeal being, which requires for its existence the presence of its judges, or a competent number of them, and a clerk or prothonotary, at or during which and at a place where it is by law authorized to be held, and the performance of some public act indicative of the design to perform the functions of a court'" (citing *Hobart v. Hobart,* 45 Iowa, 503).

And since the indorsements above referred to do not come within the legal requirements of an order, and the purported approval does not appear to have been made by the court, the action of the trial court in excluding said purported lease for the reason it is incompetent and does not show to have been legally executed in conformity with an order of the court is correct.

The judgment of the trial court is therefore affirmed.

All the Justices concur.