## EICHOFF *et al.* v. CALDWELL.

No. 5418. Opinion Filed September 14, 1915.

(151 Pac. 860.)

1. **JUDGES—Jurisdiction—Extent.** The district court is a tribunal established for the exercise of definite judicial powers at a designated time and place. The judge presiding over such tribunal constitutes the court, in the sense contemplated by law, only when performing the functions of a court at the time and place fixed by the law. The court alone can consider and determine motions to vacate its judgments or orders, the judge, as contradistinguished from the court, having no such power.

2. **APPEAL AND ERROR—Jurisdiction—Territorial Jurisdiction.** Terms of the district court can be held only at the seat of government of the respective counties, and a purported order of such court made in a county other than that in which a cause is pending is a nullity.

(Syllabus by Bleakmore, C.)

*Error from District Court, Canadian County;*
*John J. Carney, Judge.*

Action by Lee McClain Caldwell against Olga L. Eichoff and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*Mont F. Highley* and *Sam Hooker,* for plaintiffs in error.

*Charles Mitschrich* and *Everest & Campbell,* for defendant in error.

Opinion by BLEAKMORE, C. This proceeding in error is brought to reverse a judgment of the district court of Canadian county in a certain cause wherein defendant in error was plaintiff and plaintiffs in error were defendants. The parties will be referred to hereafter as they appeared in the trial court.

Judgment was rendered for plaintiff on the 3d day of April, 1913; and thereafter, at the same term, defendants filed their motion to vacate and set aside the same, for the reason that the clerk of said court had, by mistake or oversight, failed to notify them or their attorney that said cause had been set for trial. Both the parties and their attorneys resided in Oklahoma county. The following appears in the case-made:

"In the District Court in and for Canadian County, State of Oklahoma. Case No. 4223, Caldwell v. Eichoff. 1:30 p. m. court convened in Oklahoma county, Oklahoma, April 15th, 1913, Hon. John J. Carney judge presiding, and the following proceedings were had: Mr. Campbell and Mr. Hunter; It is agreed and stipulated that the hearing upon the motion to set aside the default judgment in this case may be heard at Oklahoma City on the 15th day of April, 1913, before Hon. J. J. Carney, District Judge, and that the right to hear the same in Canadian county is waived by both parties, both parties enter their appearance herein, and consent that whatever judgment or order that may be made by the court may be made and entered in Canadian county, Oklahoma, both parties waiving all questions of jurisdiction and right to hear the same in Canadian county, the costs to be taxed in the case as if the same were heard in Canadian county."

Pursuant to such agreement, oral testimony was taken before said judge, upon the hearing of the motion, at Oklahoma City, in Oklahoma county; at the conclusion of which the following occurred, as shown by the case-made:

"Court: The motion to vacate and set aside the judgment in this case is overruled. Mr. Hunter: Exceptions. Court: Thirty days assigned to make and serve a case-made, ten days to suggest amendments, case to be signed and settled on five days' notice."

There are many assignments of error, but the sole ground for reversal of the judgment urged by defendants in their brief is:

"That inasmuch as said cause was pending in the district court of Canadian county, that the order made by Judge Carney, the presiding judge of said court while sitting in Oklahoma county, and the hearing of said motion in a place other than Canadian county, is and was an absolute nullity, and the whole proceeding is and was void, and the consent of the parties did not and could not confer jurisdiction upon Judge Carney as judge of the district court of Canadian county to hear or pass upon the same in Oklahoma county."

It is perhaps proper to state that counsel now representing defendants had no connection with the proceedings below. Defendants are correct in their contention that, notwithstanding the foregoing agreement, apparently relied on by all parties, the judge being without authority to hear and determine the motion to vacate the judgment of the court, and it being legally impossible for the district court of Canadian county to be held at a place outside and away from the county seat of that county, such proceeding is a nullity.

"The district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made." (Section 6094, Comp. Laws 1909 [section 5267, Rev. Laws 1910].)

"The terms of the district court shall be held at the county seat of the respective counties." (Const. art. 7, sec. 25 [section 210, Williams].)

The district court is a tribunal established for the exercise of definite judicial powers at a designated time and place, and it is clear that the judge presiding over such tribunal constitutes the court in the sense contemplated by law only when performing the functions of a

court at the time and place fixed by the Constitution and statutes. The court alone is authorized to consider and determine a motion to vacate its judgment or order; and the district judge, as contradistinguished from the court, has no such power.

The only order by which it is claimed that the time for making and serving the present case-made was extended beyond the then statutory period of three days is that above set forth, made in Oklahoma county at the same time and as a part of the purported order overruling the motion to vacate the judgment. Treated as an order of court, as we have seen, it is void. Considered as an order of the judge, not having been filed in the trial court or entered of record in the journal thereof, it is not properly a part of the case-made.

In *Springfield F. & M. Co. v. Gist, Brook & Co.*, 23 Okla. 824, 102 Pac. 708, it was said:

"This purported order is inserted in the case-made, but the case-made contains no recital that such order was made in the case; nor is it in any manner identified as an order made in the cause, and it appears from the case-made that the same was never filed in the trial court or entered of record therein, as is required by the statute. Section 533 (section 4731) of the Code requires that all orders made out of court shall forthwith be entered by the clerk in the journal of the court in the same manner as orders made in term. A purported order, extending the time in which to make and serve a case-made which has never been filed in the trial court as a part of the record therein, is not entitled to be made a part of the case-made, and is of no effect in this court. Since it fails affirmatively to show in the case-made that the purported order of April 21, 1908, was ever made by the court or judge, or that the same was ever filed in the court below or entered of record as required by said section of the

statute, it is without force. * * * A case-made must be served within three days after the judgment or order is entered, or within an extension of time granted by the court or judge within that time, or granted by the court or judge before the expiration of a valid extension of such time." *Ellis v. Carr*, 25 Okla. 874, 108 Pac. 1101.

The second order purporting to extend the time for serving the case-made herein, being made after the expiration of the statutory period, is a nullity.

This proceeding in error presents nothing for our consideration, and should therefore be dismissed.

By the Court: It is so ordered.