## W. B. JONES v. BUSBY, District Judge.

No. A-6630.   Opinion Filed June 11, 1927.
(256 Pac. 758.)

Burris & Crawford and Wimbish & Wimbish, for petitioner.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for respondent.

EDWARDS, J.   This is an original proceeding in this court, praying for a writ of prohibition against Orel Busby as district judge of Pontotoc county.

From the petition and response, it is made to appear that in September, 1922, an information was filed in the district court of said county against petitioner charging him with the crime of embezzlement. Thereafter, in January, 1925, a trial was had upon said information in said district court, which resulted in a mistrial. Thereafter, in November, 1926, the Honorable J. W. Bolen, district judge of said Pontotoc county, at his chambers in the American Bank Building, in the city of Ada, set said cause for trial for the first Monday in December, 1926, but said cause was not tried at said

time, and in the latter part of November, 1926, or the first part of December, 1926, counsel for defendant, at the chambers of said district judge, requested the said judge to dismiss said cause. The said judge stated that he had intended to dismiss said cause and in substance that the evidence was insufficient, and counsel for defendant then said, "Well, why not dismiss the case now?" and thereupon the judge replied, "I will dismiss the case now, and you may consider the order made; the case is now dismissed; I will have the clerk enter the order." When this proceeding took place, the court was not in open session, no clerk nor other official was present, and no minutes were made. Thereafter, the Honorable J. W. Bolen, district judge, was succeeded by the respondent, Orel Busby, and in May, 1927, counsel for defendant moved for an order nunc pro tunc, dismissing said cause, which was denied. The defendant was put upon trial, convicted, and the jury assessed his punishment at confinement in the state penitentiary or a term of three years and by a fine of $20,000. This proceeding is brought to prohibit respondent, as district judge, from pronouncing judgment and sentence upon the verdict, on the claim that the court is without jurisdiction by reason of the alleged order of dismissal.

Section 2916, Comp. Stat. 1921, is as follows:

"The court may either of its own motion or upon the application of the county attorney, and the furtherance of justice, order an action or indictment to be dismissed; but in that case the reasons of the dismissal must be set forth in the order, which must be entered upon the minutes."

By section 2917, Comp. Stat. 1921, the entry of a nolle prosequi is abolished, and a criminal action may be discontinued or abandoned only under the provisions of section 2916, supra. The power to dismiss is lodged in the court and not in the judge of the court. There

is a well-defined distinction between a judge and a court, although the words are sometimes used interchangeably, even in the statutes. Whether an act is to be performed by one or the other is generally to be determined by the character of the act to be done. Ann. Cas. 1913E, 389. A court has been variously defined; its meaning depending somewhat on the context in which the term is used. A most comprehensive definition is found in 15 C. J. 715, § 1, and many authorities are there cited in the notes in support of the text. See, also, 7 R. C. L. 973 (2). As used in the section of our statute above quoted, a court is an arm of the state government, vested with judicial power, composed of a judge or judges and a clerk, officially assembled under authority of law to administer justice at the time and place where by law it is authorized to be held. Here the statute requires that the dismissal shall be made by the court and, further, the reason for the dismissal shall be entered upon the minutes of the court. The act of dismissal is clearly a function of the court. In Fisher v. McKeemie, 43 Okla. 577, 143 P. 850, Ann. Cas. 1917C, 1039, it was held that the order of a judge, approving the lease of a guardian of his ward's property by the judge, was not an order of court. In the case of Eichoff v. Caldwell, 51 Okla. 217, 151 P. 860, L. R. A. 1917E, 359, in an opinion by Bleakmore, commissioner, it was said:

"The district court is a tribunal established for the exercise of definite judicial powers at a designated time and place. The judge presiding over such tribunal constitutes the court, in the sense contemplated by law, only when performing the functions of a court at the time and place fixed by the law. The court alone can consider and determine motions to vacate its judgments or orders, the judge, as contra-distinguished from the court, having no such power."

In this case there was no order by the court dis-

missing the action against petitioner, and the claimed order was at most no more than on oral order of the judge. It is without force or validity, and the trial court properly denied the application for an order nunc pro tunc.

The writ is denied.

DOYLE, P. J., and DAVENPORT, J., concur.