**STATE of Oklahoma, Appellant,**

v.

**Gordon Thomas ROBINSON and Robert Brent Baker, Appellees.**

**No. O-75-416.**

Court of Criminal Appeals of Oklahoma.

Dec. 18, 1975.

Rehearing Denied Jan. 12, 1976.

order of dismissal, stating the reason 'therefor, the State may thererafter refile only ONE time.

Marvin E. Spears, Asst. Dist. Atty., Tulsa County, for appellant.

No appearance for appellees.

## OPINION

BUSSEY, Judge:

This is an attempted appeal from a purported order entered by the District Court, Tulsa County, in Case No. CRF–73–1302, wherein Gordon Thomas Robinson, and Robert Brent Baker were jointly charged with the offense of Unlawful Possession of Barbiturates With Intent to Distribute, in violation of 63 O.S.1971, § 2–301(B–2). The minute reflecting the court's purported order will be hereinafter set forth and was entered after the defendants below had been bound over after preliminary examination, entered pleas of not guilty, and filed a motion to suppress. The minutes relating to the purported order of the court appear in the Appearance Docket as follows:

"9–30–74 *ROBINSON* by Pat Williams; *BAKER* by Bogan & Grimm Defts present and rep by counsel. State by Richard Johnson. oral dismissal vacated. Court stays further proceedings based upon application of state in order to allow state opportunity to appeal courts decision. State given 10 days to lodge their appeal with court of criminal appeals. JD

"10–1–74 ROBINSON AND BAKER: ROBINSON REP BY PAT WILLIAMS, BAKER REP BY BOGAN, STATE REP BY RON SHAFFER. BOND REINSTATED. DEFT ORDERED BACK to 10–31–74, 1:30 FOR REVIEW. JD

"10–10–74 filing notice of intent to appeal filing designation of record

"10–11–74 filing order to show cause why writ of prohibition should not issue

"10–10–74 ROBINSON & BAKER: All proceedings and orders in this cause are further stayed pursuant to the order of the court of criminal appeals. JD

"11–20–74 Indexing and Preparing appeal

"4–10–75 Filing notice of intent to appeal
Filing designation of record."

[On the 21st day of March, 1975, this Court's Order declining to assume jurisdiction became final].

The authority of the trial court to enter an order of dismissal is founded under the provisions of 22 O.S.1971, § 815. In construing this statute in *Jones v. Busby,* 37 Okl.Cr. 68, 256 P. 758 (1927) this Court held that an order dismissing a criminal action must set forth the reasons for the dismissal in the order which must be entered on the minutes; and further that an oral statement by the judge that he would dismiss and that he would have the clerk enter the order, did not constitute a dismissal.

There is nothing in the record before us in the minutes or the appearance docket of the trial court other than the minutes heretofore set forth, relating to any order of the court oral or otherwise, attempting to dismiss Case No. CRF–73–1302.

We are of the opinion, and therefore hold, that based upon the record be-

fore us there has been no effective dismissal by the District Court, Tulsa County, in Case No. CRF–73–1302, in that the court wholly failed to comply with the provisions of 22 O.S.1971, § 815, as construed by *Jones v. Busby,* supra. This being true, we are of the opinion that the charge is still pending against the Appellees in Tulsa County Case No. CRF–73–1302, and if the State wishes to appeal from any order sustaining a motion to suppress entered by the trial judge, the State should follow the procedure set forth in *State v. Robinson* (No. O–75–415), handed down this date, Okl.Cr., 544 P.2d 545.

The attempted appeal is *DISMISSED* for the reason that the Appellees have not been placed in jeopardy and therefore cannot be reviewed by this Court on a question of law reserved by the State under the provisions of 22 O.S.1971, § 1053, ¶ 3. The Clerk of this Court is directed to issue the Mandate *forthwith.*

BRETT, P. J., and BLISS, J., concur.

The STATE of Oklahoma, Appellant,