The STATE of Oklahoma, Appellant,

v.

Johnny Melton LEMMON, Appellee.

No. O–77–571.

Court of Criminal Appeals of Oklahoma.

Jan. 25, 1978.

L. Jack Barton, Dist. Atty., Hollis E. Thorp, Asst. Dist. Atty., Major County, for appellant.

No appearance for appellee.

## OPINION

BUSSEY, Presiding Judge:

On the 31st day of January, 1977, Johnny Melton Lemmon, hereinafter referred to as defendant, was charged by information with the crime of Driving While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902, a misdemeanor, in the District Court, Major County, Case No. CRM–77–36. Defendant was arraigned on the same date and admitted to bail. On May 16, 1977, defendant moved to suppress certain evidence on the grounds that the arrest was made outside the jurisdiction of the arresting officer.

At the hearing conducted on May 18, 1977, the trial court sustained the defendant's motion to suppress. The State gave notice of its intention to appeal the ruling pursuant to Rule 6.1, Title 22, Chapter 18 of the Oklahoma Statute. The State has appealed pursuant to Rule 6.1, supra, and on a Reserved Question of Law pursuant to 22 O.S.1971, § 1053(3). Defendant has filed a motion to dismiss the appeal on May 31, 1977. Since the State's appeal is premature it is unnecessary for us to reach the merits.

The State's first ground for appeal is that a Rule 6 interlocutory appeal is permissible on these facts. With this contention we cannot agree. Upon the adoption of Rule 6, *State Ex Rel. Fallis v. Caldwell*, Okl.Cr., 498 P.2d 426, 428 (1972), we stated:

"[W]e must recognize that the defendant who receives an adverse ruling from a magistrate, has the unquestioned right to have the identical issue presented to a District or Associate District Judge, either by motion to quash, or by again asserting, for example, the motion to suppress. The State [currently] has neither a procedure, nor a forum, to assert a co-equal right."

To more nearly achieve a true balance of the scales of criminal justice, Rule 6 was adopted to provide the State a remedy from adverse rulings or orders of the magistrate at the preliminary examination.

"At the time the adverse ruling, or order, is made by the *magistrate*, . . . the

magistrate shall . . . continue the *preliminary examination.*" Rules of the Court of Criminal Appeals, Rule 6.1 (Emphasis Added).

Since no preliminary examination is allowed in misdemeanor cases, Oklahoma Constitution, Art. 2, Section 17, 22 O.S.1971, § 258, *Johnson v. State,* 21 Okl.Cr. 17, 204 P. 311, 312 (1922), and a defendant has no right to appeal interlocutory decisions or orders of the trial court prior to a final judgment, *Jones v. Dillard,* Okl.Cr., 545 P.2d 209, 210 (1976), the defendant's only remedy in misdemeanor cases for adverse rulings of the trial court is an appeal after final judgment under the provisions of 22 O.S.1971, § 1151. The plain wording of Rule 6 and the rationale of its adoption require that Rule 6 appeals will not lie in misdemeanor cases and are applicable only to adverse rulings of the examining magistrate at the preliminary examination in felony cases. *Morrison v. State,* Okl.Cr., 529 P.2d 518 (1974); *Jones v. State,* Okl.Cr., 481 P.2d 169 (1971). The attempted appeal pursuant to Rule 6 is not properly before us.

The State's second ground for appeal is that the appeal may be had on a Reserved Question of Law pursuant to 22 O.S.1971, § 1053(3). We find this contention to be without merit. An appeal on a Reserved Question of Law may only be taken from a judgment of acquittal of the defendant, or from an order of the court authorized by law which expressly bars further prosecution, *State v. Robinson,* Okl.Cr., 544 P.2d 545, 550 (1975); *State v. Robinson,* Okl.Cr., 544 P.2d 551 (1975) (reh. den. 1976); *State v. Conaughty,* Okl.Cr., 544 P.2d 553 (1975).

An examination of the record below indicates that no judgment has been rendered, no order of the trial court has been entered which bars further prosecution, and the case is still pending in the District Court. For the reasons stated in *Robinson,* supra, the attempted appeal on a question of law reserved by the State is not properly before this Court.

For the reasons set out above, this attempted appeal is DISMISSED, the defendant's motion to dismiss the appeal under Rule 6 is GRANTED, and the cause is REMANDED to the District Court of Major County for further proceedings not inconsistent with this opinion.

CORNISH and BRETT, JJ., concur.