1998 OK CR 38

The STATE of Oklahoma, Appellant,

v.

Michael Shane CAMPBELL, Appellee.

No. S 97–197.

Court of Criminal Appeals of Oklahoma.

Aug. 18, 1998.

*ACCELERATED DOCKET ORDER*

¶ 1  The State of Oklahoma, Appellant, filed the above-styled proceeding to appeal from an order of the District Court of Craig County dismissing Case No. CF–96–71. The appeal was assigned to the Accelerated Docket of this Court pursuant to the State's application. Rule 11.3, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (1997).

¶ 2  Appellee left a prison work crew without permission and went to Kansas where he was apprehended. He was charged for the criminal offense of Escape in Case No. CF–96–71. In addition to the Escape charge, disciplinary proceedings were instituted against Appellant by the Oklahoma Department of Corrections ("DOC") based upon the same conduct underlying the Escape charge. On June 20, 1996, Appellant was found guilty of the alleged violation during the DOC proceedings, and the punishment imposed against him by DOC officials was disciplinary segregation for thirty (30) days, loss of all earned credits and a Fifty Dollar ($50.00) fine.

¶ 3  On January 31, 1997, Appellant, with counsel, and the State, through counsel, appeared before the District Court in Case No. CF–96–71. Appellant waived preliminary examination, and both parties waived jury trial and asked that the matter proceed to non-jury trial instanter. Appellant tendered a plea of "not guilty under the jeopardy law." The District Court stated it could not accept a conditional plea, and a plea of not guilty was entered. The parties stipulated that the facts alleged in the Information, and underlying the Escape charges, were true. The State then rested its case. Appellant did not offer any evidence in defense, but moved for dismissal of Case No. CF–96–71 under the doctrine of double jeopardy. Appellant con-

tended the Fifty Dollar ($50.00) fine imposed during DOC proceedings constituted punishment under the double jeopardy clause, and thus prohibited further prosecution of the Escape charges. The District Court stated its reliance on *U.S. v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) and granted Appellant's motion to dismiss Case No. CF–96–71. The State brought this appeal.

¶ 4 The State asserts one proposition of error claiming the imposition of prison administrative disciplinary penalties, and District Court punishment for conviction of Escape, does not constitute two separate punishments for the same offense within the meaning of the statutory prohibition against double punishments. The Appellee responds contending the District Court properly dismissed the charges in Case No. CF–96–71 on the basis of double jeopardy because Appellee had already been punished by the Department of Corrections. The Appellee has also asserted a proposition of error and filed a motion to dismiss this appeal. Appellee claims (i) there is no authority which allows the State to appeal, and (ii) granting the State's appeal would subject him to double jeopardy which is prohibited.

¶ 5 The propositions or issues in this appeal were presented to this Court in oral argument on December 11, 1997, pursuant to Rule 11.2(F) of the Rules of this Court. During oral argument, this Court denied Appellee's motion to dismiss by a four to one (4–1) vote. The substantive issues presented in this proceeding were taken under advisement.

## I.

¶ 6 We must first address Appellee's motion to dismiss this appeal. Appellee is correct that the State can only bring this appeal if it is authorized by one of the limited instances listed in Section 1053 of Title 22 of the Oklahoma Statutes.[1] This statutory authority cannot be enlarged by construction. *State v. Hammond*, 775 P.2d 826, 828 (Okl. Cr.1989). The Legislature has not written Section 1053 with an express provision for the State to appeal from an order of the trial court sustaining a plea of former jeopardy and dismissing the defendant. The question is whether this appeal falls within one of the authorized appeals.

¶ 7 The State first argues the appeal falls under Section 1053(1) because the District Court's ruling in this case was, in effect, a quashing of the Information. However, as Appellee points out the District Court's ruling was not entered as a result of a motion to quash or set aside the indictment or information. This Court has previously interpreted Section 1053(1) in light of 22 O.S.1991, § 493, insofar as Section 493 is the only statutory authority for the quashing or setting aside of an indictment or information. *Hammond*, 775 P.2d at 828. In *Hammond*, this Court determined that a trial court's granting of a motion to quash for insufficient evidence does not fall within the statutory language allowing the state to appeal a judgment for the defendant on quashing or setting aside an information, and cannot be appealed under Section 1053(1). *Id.* If a trial court's granting of a motion to quash for insufficient evidence does not fall within Section 1053(1), then likewise, the District Court's granting of Appellee's plea of former jeopardy cannot fall within the statutory language allowing the State to appeal judgment for the defendant on quashing or setting aside an information, and cannot be appealed under Section 1053(1).

■ ¶ 8 In the alternative, the State argues it can appeal on a reserved question of law under Section 1053(3). To pursue such an appeal, there must be a judgment of acquittal or an order of the court which expressly bars further prosecution. E.g.,

---

1. 22 O.S.1991, § 1053 provides: "Appeals to the Court of Criminal Appeals may be taken by the state or a municipality in the following cases and no other:
    1. Upon judgment for the defendant on quashing or setting aside an indictment or information;
    2. Upon an order of the court arresting the judgment;
    3. Upon a question reserved by the state or a municipality; and
    4. Upon judgment for the defendant on a motion to quash for insufficient evidence in a felony matter.

*Hammond*, 775 P.2d at 828; *State v. Lemmon*, 574 P.2d 1057, 1059 (Okl.Cr.1978). In this case, the District Court found Appellee's double jeopardy rights were being violated and held that further prosecution of Case No. CF–96–71 was barred. Such a situation is distinguishable from those in *Hammond* and *Lemmon* where the trial court suppressed evidence but could not bar the State from further prosecuting the defendant. *Hammond*, 775 P.2d at 828; *Lemmon*, 574 P.2d at 1059; see also, *State v. Robinson*, 544 P.2d 545(Okl.Cr.1975). Moreover, although the District Court order is not correct in its analysis of the law of double jeopardy as is discussed below, it is an order which expressly bars further prosecution of Case No. CF–96–71. Therefore, there is no limitation precluding the State from appealing, on a reserved question of law, the District Court's order holding that the State's criminal prosecution of Appellee was a violation of double jeopardy, and that Appellee and Case No. CF–96–71 should be dismissed.

¶ 9 Appellee argues that because the State is praying for reversal of the District Court order and reinstatement of the charges, the State is acknowledging there has not been an order of the court which expressly bars further prosecution. However, the relief the State prays for will not be dispositive of the legal status of this case. Appellee also argues the State is required to announce in open court the question of law it intends to appeal before it can bring an appeal on a reserved question of law. *State v.Shepherd*, 840 P.2d 644 (Okl.Cr.1992), cited by Appellee in support of this argument, does not require the State to announce the specific question of law it is reserving for appeal, but prohibits the formulation of questions by the State and/or the trial judge after the State has rested its case. *Shepherd*, 840 P.2d at 647. The question in this appeal was clearly formulated and reserved before and during trial proceedings.

¶ 10 **IT IS THEREFORE THE ORDER OF THIS COURT,** by a four to one (4–1) vote, that Appellee's motion to dismiss the above-styled appeal should be, and is hereby, **DENIED.** The State is allowed to bring this appeal on a reserved question of law.

II.

¶ 11 Using recent United States Supreme Court case law, this Court has revisited and refined the concept of double jeopardy and its application to criminal prosecutions for an escape which follow prison disciplinary proceedings for the same escape. *Worthen v. State*, 1998 OK CR 37, 964 P.2d 904. We concluded that a criminal prosecution for escape following prison disciplinary proceedings did not violate double jeopardy where prison authorities did not substantively alter the conditions of the defendant's original sentence. *Worthen*, 1998 OK CR 37, ¶ 4, 964 P.2d 904. We are now faced with a situation where prison authorities have altered the conditions of the defendant's original sentence.

¶ 12 The DOC did not alter the conditions of Appellant's original sentence by placing him in disciplinary segregation for thirty (30) days and by revoking all of his days of good-time credits. *Worthen*, 1998 OK CR 37, ¶ 8, 964 P.2d 904. However, we find that by additionally imposing a Fifty Dollar ($50.00) fine against Appellant, the DOC substantively altered the conditions of Appellant's original sentence. Therefore, the District Court correctly found that double jeopardy principles were implicated because of that sanction and that prison disciplinary proceeding. The District Court correctly held that the State was thereby prohibited from attempting to impose multiple punishments in a second or subsequent criminal prosecution. Accordingly, the order of the District Court dismissing Case No. CF–96–71 should be, and is hereby, **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge

LUMPKIN, J., concurs in part/dissents in part.

LANE, J., dissents.

**LUMPKIN, Judge, concurring in part/dissenting in part.**

¶ 1   I can concur only in the Court's decision to hear this appeal and affirm the prison discipline proceedings as to the loss of earned credits. However, I must dissent to the Court's aberrant reasoning that the prison discipline of a $50.00 fine violates the double jeopardy clause.

¶ 2   In its attempt to find a way to apply *Hudson v. U.S.*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), to a situation to which it does not apply, the Court has once again attempted to fit the proverbial square peg into a round hole. I adopt and apply the analysis set out in my separate vote to *Worthen v. State*, 1998 OK CR 37, 964 P.2d 904. (Lumpkin, J.: Concur in Part/Dissent in Part)   The sanctions rendered against the Appellant in this case were rendered in an administrative disciplinary procedure. The sanctions were not imparted by a prosecution in a court of law, thereby meaning a criminal punishment imposed "by a judicial trial". The sanctions imposed have to do with the withdrawal of earned credits and a monetary assessment. The awarding of earned credits to prisoners are set out in the provisions of 57 O.S.1991, § 138. There is no doubt that these earned credits can be rescinded as a part of inmate discipline after the inmate has been afforded due process for any infraction which is the basis for removing earned credits. Several statutory provisions also provide for inmate trust accounts and employment of inmates. See 57 O.S.1991, §§ 545, 549.

¶ 3   Both the issue of earned credits and earned funds are directed by the statutes to be made in accordance with the rules and regulations established by the Board of Corrections. The Board of Corrections also establishes procedures for disciplinary proceedings. Merely because the disciplinary order provides for the loss of earned credits and "a $50.00 fine" does not mean the forfeiture of moneys earned should be treated any differently than the forfeiture of credits earned. It is merely a different way of forfeiture for

disciplinary purposes of something granted by the State through its policies and procedures within the Department of Corrections. It in no way increases the punishment for the crime for which the sentence is being served. Therefore, the Court's attempt to in some way make the analysis in *Hudson* apply to this non-germane issue is even more unsubstantiated.

¶ 4   I would urge the Court to reconsider its attempt to reformat this non-germane decision regarding "civil" sanctions and continue to adhere to the stare decisis enunciated by the federal courts regarding the application of the double jeopardy clause to prison disciplinary proceedings.

**LANE, Judge, dissenting.**

¶ 1   I dissent to our determination that the State should be allowed to maintain this appeal. The scenario in the trial court is as follows: The defendant entered a plea of not guilty. The court conducted a trial and the parties stipulated to the evidence. The trial court then found the defendant not guilty by reason of jeopardy. At no time did the State formulate or reserve a question of law as required by *State v. Shepherd*, 1992 OK CR 69, 840 P.2d 644. Since the majority concedes that the other grounds for a State appeal do not exist, I would not decide the case on its merits.

¶ 2   However, recognizing that I have been out-voted, I next address the primary issue of this appeal, the issue of jeopardy. Here, I contend that the prosecution should not be barred by the Department of Corrections action in imposing disciplinary proceedings. There is no question but what the State was trying to impose two punishments upon the appellee when it prosecuted him after prison disciplinary proceedings had imposed sanctions. Both 21 O.S.1991 § 443 and § 443a allow the imposition of punishment.

¶ 3   In *Ellis v. State*, 1992 OK CR 35, 834 P.2d 985, 991 we stated: "Indeed, where the legislature has explicitly authorized multiple punishment the judicial inquiry is at an end, . . ." The legislature intended multiple punishment. Section 443 defines the crime of

escape from a penal institution and sets the limits of punishment for the crime, which is then followed by § 443a which states:

In addition, all prisoners who escape from either of the aforesaid prisons either while confined therein, or while at large as a trusty, when apprehended and returned to the prison, shall be punishable by the prison authorities in such manner as may be prescribed by the rules and regulations of the prison provided that such punishment shall not be cruel or unusual. (Emphasis supplied.)

The use of the word "shall" indicates to me that the legislature wants the escapee prosecuted under § 443 *and* punished under § 443a. Since there is no question that the legislature intended additional punishment, our inquiry must end.