**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EVERET L. BAKER,

      Petitioner-Appellant,

v.

JAMES S. SAFFLE; TWYLA
SNIDER, Warden; OKLAHOMA
DEPARTMENT OF CORRECTIONS,

      Respondents-Appellees.

No. 00-6022
(W. District of Oklahoma)
(D.C. No. 99-CV-1022-L)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Everet Baker's request for a certificate of appealability ("COA"). Baker seeks a COA so that he can appeal the district court's dismissal with prejudice of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order denying relief in a § 2254 proceeding unless the petitioner first obtains a COA). Baker is entitled to a COA only upon making a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Baker can make such a showing by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000) (quotations omitted).

The district court dismissed Baker's petition on the ground that it was not filed within the one-year statute of limitations set out in 28 U.S.C. § 2244(d). This court has reviewed the entire record in this case and concludes that Baker is not entitled to a COA for substantially those reasons set out in the magistrate judge's Report and Recommendation dated December 23, 1999, and the district court Order dated December 29, 1999. In particular, this court agrees with the district court that Oklahoma's lack of a statute of limitations controlling when state post-conviction procedures must begin does not excuse Baker from

complying with the federal habeas corpus statute of limitations set out in § 2244(d). We further agree that § 2244(d)'s statute of limitations did not begin to run anew pursuant to § 2244(d)(1)(C) or (d)(1)(D) when the Oklahoma Court of Criminal Appeals ("OCCA") issued its opinion in *State v. Campbell*, 965 P.2d 991 (Okla. Crim. App. 1998). Section 2244(d)(1)(C) only applies where the *United States Supreme Court* recognizes a *new* constitutional right and makes that right retroactively applicable to cases on collateral review. The decision of the OCCA in *Campbell* applying *existing* Supreme Court precedent certainly does not implicate this section. Nor, as noted by the district court, does the decision in *Campbell* implicate § 2244(d)(1)(D). The decision in *Campbell* establishes state legal precedent; it does not bring to light any new *facts* relevant to Baker's habeas claims.

Because Baker has not made a substantial showing of the denial of a constitutional right, he is not entitled to a COA. *See* 28 U.S.C. § 2253(c)(2). Accordingly, this court **DENIES** Baker's request for a COA and **DISMISSES** the appeal. Baker's motion to proceed *in forma pauperis* is **DENIED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge