**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID E. BROWNING, JR.,

      Petitioner-Appellant,

v.

L. L. YOUNG, Warden,

      Respondent-Appellee.

No. 00-6391

(D.C. No. 00-CV-924-W)
(W.D.Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner David E. Browning, Jr., a state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 2254 petition for writ of habeas corpus as untimely. We deny the request for a certificate of appealability and dismiss the appeal.

Browning pled guilty to possession of a knife in a penal institution on March 23, 1994. He did not appeal his conviction. On February 22, 1999, he filed an application for post-conviction relief in state court, contending the conviction violated double jeopardy principles and the court abused its discretion by not following the rule announced in State v. Campbell, 965 P.2d 991 (Okla. Ct. Crim. App. 1998). His application was denied on March 23, 1999. On May 27, 1999, the Oklahoma Court of Criminal Appeals affirmed the denial. The court found Browning's double jeopardy claim could have been raised on direct appeal. The court also found that Campbell was not to be applied retroactively (finding "[a]s a general rule of law in Oklahoma, decisions of the highest court are prospective in application unless specifically declared to have retroactive effect"). Record, Doc. 9, Exh. C.

Browning filed his § 2254 petition on May 18, 2000. Respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d), and Browning filed a reply to the motion. On September 29, 2000, the magistrate court issued its report and recommendation. Browning filed objections to the magistrate's report. On October 26, 2000, the district court adopted the magistrate's report and dismissed the habeas petition as untimely filed.

As Browning filed his habeas petition on May 18, 2000, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under 28 U.S.C. § 2244(d)(1) and Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998), Browning had until April 23, 1997, to file his habeas petition. He did not seek post-conviction relief in state court during the applicable limitation period and his application for post-conviction relief filed in February 1999 did not toll the running of the limitation period.

Browning's request for a certificate of appealability is DENIED. The appeal is DISMISSED. Browning's motion to proceed on appeal in forma pauperis is DENIED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3