**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 19 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DON WESTLY ROE, JR.,

        Petitioner - Appellant,

v.

H. N. SCOTT,

        Respondent - Appellee.

No. 01-6176
(No. 01-CV-112-C)
(W.D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

Pro se petitioner Don Westly Roe, Jr., an Oklahoma state prisoner, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge the district court's dismissal of his petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d). We conclude that petitioner has not demonstrated extraordinary circumstances warranting equitable tolling of the period of limitation, and we deny COA.

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner was charged in Oklahoma state court with possession of contraband in a penal institution. On August 13, 1991, after entering a plea of nolo contendere, petitioner was sentenced to a five-year term of imprisonment. He did not appeal the judgment. Petitioner had previously been found guilty in a separate prison disciplinary proceeding for the same conduct.

Roe filed an application for post-conviction relief in state court on August 21, 2000, alleging a violation of the Double Jeopardy Clause. The application was denied, and that denial was affirmed by the Oklahoma Court of Criminal Appeals on November 30, 2000. Petitioner's federal habeas application, which was signed December 6, 2000, was docketed by the district court on January 8, 2001.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), prisoners generally have one year from the date on which their convictions become final to petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). A conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The one-year period of limitation is subject to equitable tolling in extraordinary circumstances. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). "In the final analysis, [petitioner must show] the steps he took to diligently pursue his federal claims." Id. (citation omitted).

Under AEDPA, "prisoners whose convictions became final on or before April 24, 1996 must file their [habeas] motions before April 24, 1997." United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). Although the period of limitation is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2), Roe's state post-conviction petition was not filed until August 21, 2000, well after the period of limitation expired.

In his filings below, petitioner argued that he was not aware of his right to pursue his double jeopardy claim until a law clerk at his correctional facility informed him of the Oklahoma Court of Criminal Appeals' decision in Oklahoma v. Campbell, 965 P.2d 991 (Okla. Crim. App. 1998). We find this argument unpersuasive. Roe's ignorance of the law is not an extraordinary circumstance warranting equitable tolling. Miller, 141 F.3d at 978.[1] Furthermore, we agree with the district court that petitioner has not set forth facts demonstrating actual innocence. See Schlup v. Delo, 513 U.S. 298, 326–27 (1995) (recognizing that a petitioner may assert actual innocence to avoid a procedural bar to the consideration of the merits of his constitutional claims).

The application for COA is **DENIED**, and the matter is **DISMISSED**.

---

[1] Even if we were to restart the limitation period on the day Campbell was filed, August 18, 1998, petitioner's federal habeas application, which was signed on December 6, 2000, would be time-barred.

The mandate shall issue forthwith.

Entered for the Court,


Carlos F. Lucero
Circuit Judge