**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GARY RAY PRESTON,

      Petitioner - Appellant,

v.

GARY GIBSON, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 00-7069

---

**Appeal from the United States District Court**
**for the Eastern District of Oklahoma**
**(D.C. No. 99-CV-549-B)**

---

Submitted on the brief:

Gary Ray Preston, pro se.

---

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

Appellant Gary Ray Preston, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability ("COA") after the district court dismissed his 28 U.S.C. § 2254 habeas petition as untimely. See 28 U.S.C. § 2253(c).

Preston's petition asserts that his conviction of second-degree murder violated the Double Jeopardy Clause of the United States Constitution and that his counsel was ineffective in failing to so inform him before he pleaded guilty.[1]

In 1992, while serving unrelated sentences in an Oklahoma state prison, Preston and three co-defendants murdered another inmate. An Oklahoma Department of Corrections administrative hearing board put Preston into disciplinary segregation for thirty days, revoked 365 of his earned credits, and fined him $15. He was then charged with first-degree murder in Oklahoma state court. Preston pleaded guilty to a reduced charge of second-degree murder in February 1994 and was sentenced to an eighty-year term of imprisonment. He did not directly appeal that conviction. Preston filed his first state petition for post-conviction relief in March 1999, which was denied two months later as procedurally barred. The Oklahoma Court of Criminal Appeals affirmed that denial in August 1999.

In October 1999 Preston filed the instant federal habeas petition in which he argues his $15 fine by the Department of Corrections administrative hearing board renders his conviction for second-degree murder a violation of the Double

---

[1] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Jeopardy Clause of the Fifth Amendment. The district court did not reach the merits of Preston's petition, instead dismissing it as untimely under the one-year limitations period of 28 U.S.C. § 2244(d).

Preston's petition, which was filed in 1999, is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period generally runs from the date on which the state judgment became final after direct appeal, see id. § 2244(d)(1)(A), but is tolled during the time state post-conviction review is pending, see id. § 2244(d)(2). Where a conviction became final before AEDPA took effect, as is the case with Preston, the limitations period for a federal habeas petition starts on AEDPA's effective date, April 24, 1996. See Hoggro v. Boone, 150 F.3d 1223, 1225-26 (10th Cir. 1998).

Preston did not file the instant petition until October 15, 1999, almost three-and-a-half years after AEDPA's effective date. His tardiness is not cured by the tolling provisions of § 2244(d)(2) because he did not initiate state post-conviction proceedings until March 1999. Seeking to avoid § 2244(d)'s limitations period, Preston appears to argue that his petition is timely because he

believes his claim did not accrue until the Oklahoma Court of Appeals handed down two decisions in August 1998, State v. Campbell, 965 P.2d 991 (Okla. Crim. App. 1998), and Worthen v. State, 964 P.2d 904 (Okla. Crim. App. 1998).

Although Preston filed his state petition within a year of Campbell and Worthen, those decisions did not restart the limitations period and thus do not render Preston's petition timely. A habeas petition may be filed within a year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C) (emphases added). Preston, however, relies on cases decided by a state court applying state law and settled Supreme Court precedent. See Campbell, 965 P.2d at 993 (applying Worthen); Worthen, 964 P.2d at 906-908 (applying Hudson v. United States, 522 U.S. 93 (1997)). Because the United States Supreme Court did not "newly recognize[]" any relevant constitutional right during the year prior to Preston's initiation of post-conviction proceedings, § 2244(d)(1)(C) does not apply.[2]

Similarly, Preston cannot take advantage of 28 U.S.C. § 2244(d)(1)(D), which provides that a federal habeas petition may be filed within one year of "the

_____

[2] For the same reasons, we reject Preston's assertion that his federal habeas "claim did not accrue until the [Oklahoma] Court of Criminal Appeals denied [his] post-conviction claims." (Appellant's Br. at 9.)

-4-

date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." Preston was clearly aware of both his administrative punishment and his subsequent criminal prosecution years before he filed his state petition. Nothing in <u>Campbell</u> or <u>Worthen</u> alerted Preston to any <u>factual</u> basis for his claim.[3]

Because Preston has not complied with the requirements of § 2244(d) and because we discern no exceptional circumstances that would warrant equitable tolling of the limitations period, <u>see</u> <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998), we **DENY** Preston's application for a COA and **DISMISS** his appeal.

---

[3] We note that a panel of this Court reached the same conclusion regarding exactly these issues in an unpublished Order and Judgment. <u>See</u> <u>Baker v. Saffle</u>, No. 00-6022, 2000 WL 1144971, at *1 (10th Cir. Aug. 14, 2000) (holding that <u>Campbell</u> did not restart the statute of limitations under 28 U.S.C. §§ 2244(d)(1)(C) or (d)(1)(D)). <u>Baker</u> is not binding precedent and we do not rely on it in reaching our decision in the present appeal. <u>See</u> 10th Cir. R. 36.3. We cite that Order and Judgment simply to acknowledge that the issues recur.