**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LUTTRELL MAURICE WILLIAMS,

Petitioner-Appellant,

v.

RANDALL WORKMAN, Warden,

Respondent-Appellee.

No. 05-6058

(W.D. of Okla.)

(D.C. No. CV-04-1287-HE)

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

Appellant Luttrell Williams, an Oklahoma prisoner appearing pro se, seeks

a certificate of appealability (COA) allowing him to appeal the district court's

order denying relief pursuant to 28 U.S.C. § 2254. Williams pleaded guilty to

first degree murder in Oklahoma and was sentenced to life in prison without

parole. In his petition for habeas corpus, he argued that his sentence, which was

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

imposed based upon his guilty plea, violated *Blakely v. Washington*, 542 U.S. 296 (2004). Because Williams has not made a substantial showing of a denial of a constitutional right, 28 U.S.C. § 2253(c)(2), we deny COA and dismiss the appeal.

**Analysis**

The parties are familiar with the facts of the case and we need not repeat them here. It is well settled that a petitioner is not entitled to receive a COA unless he can make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

Following his April 23, 1993 sentencing, Williams did not file a direct appeal. On June 15, 2004, he filed a state petition for post-conviction relief, along with a request to file out of time. The state trial court denied his application on August 24, 2004. Williams appealed to the Oklahoma Court of Criminal Appeals, which affirmed the lower court's decision. On October 8, 2004, Williams filed the instant petition for writ of habeas corpus.

The Antiterrorism and Effective Death Penalty Act of 1996 sets a clear one-year period of limitations for habeas petitioners in state custody. The time limit begins to run on "the date on which the judgment became final by the conclusion

of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In cases where a conviction became final before AEDPA took effect on April 24, 1996, the one-year limitation period begins on the first effective date of AEDPA. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Accordingly, in the absence of a tolling event, Williams would have needed to file the instant petition for writ of habeas corpus within one year of April 24, 1996.

### 1. Statutory Tolling

As Williams points out, the limitation period can be tolled for a "properly filed application for state post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). However, Williams did not adhere to the time limitations Oklahoma places upon state petitions for post-conviction relief, and Oklahoma courts denied his motion to file out of time. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (refusing to toll one year limitations period when petitioner's state post-conviction application was not filed until after expiration of the applicable one-year grace period.) Furthermore, the Supreme Court also recently held that "a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." *Pace v. DiGuglielmo*, 125 S. Ct. 1807,

1812 (2005). Accordingly, we agree with the district court that no statutory tolling was appropriate.

### 2. *Equitable Tolling*

Williams is also not entitled to equitable tolling. Such relief is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). As the magistrate judge explained, to justify equitable tolling, the petitioner must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220. Williams has failed to meet this standard.

### 3. *Newly Recognized Constitutional Rights*

Finally, Williams argues his one-year limitation period should begin from the "date on which [a new] constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). However, we have clearly held that *Blakely* does not apply retroactively to sentences, such as Williams's, which were already final at the time *Blakely* was decided on June 24, 2004. *See United States v. Price*, 400 F.3d 844 (10th Cir. 2005).

Accordingly, Williams's petition was correctly dismissed by the district court and we DENY COA and DISMISS his appeal. We GRANT Williams's motion to proceed in forma pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge