**F I L E D**

**UNITED STATES COURT OF APPEALS**

**November 7, 2005**

**TENTH CIRCUIT**

ELDON R. HENDERSON,

      Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

      Respondent-Appellee.

No. 05-6100

(W.D. of Okla.)

(D.C. No. CV-05-166-R)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]

---

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. [**]

---

Petitioner-Appellant Eldon R. Henderson, a state prisoner appearing pro se, filed a petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2254. Upon the magistrate judge's recommendation, the district court denied Henderson's writ as time barred under 28 U.S.C. § 2254(d). Because we

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

agree the appeal is untimely, we deny his certificate of appealability and dismiss the appeal.

## I. Background

In 1990, Henderson was convicted of one count of lewd acts with a child under sixteen (Count One) and four counts of rape in the second degree (Counts Two through Five) in the district court of Oklahoma County, Oklahoma. He was sentenced to twenty years on Count One and fifteen years on Counts Two, Three, Four, and Five, with all five sentences to run consecutively. His convictions were affirmed by the Oklahoma Court of Criminal Appeals in 1994. [1] Henderson did not file an appeal in the United States Supreme Court. On August 18, 2004, he filed a state post-conviction petition under Okla. Stat. tit. 22, § 1080 et. seq (2004). The Oklahoma Court of Criminal Appeals, affirming the state district court, denied the petition. Thereafter, on February 10, 2005, Henderson filed his federal petition claiming that the imposition of consecutive sentences by the trial judge deprived him of his constitutional rights in contravention of *Blakely v. Washington*, 542 U.S. 296 (2004).

---

[1] The jury convicted Henderson of the additional count of incest. However, the Oklahoma Court of Criminal Appeals reversed this conviction at the same time it affirmed Counts One through Five.

## II. Analysis

For purposes of habeas review, the one-year statute of limitations generally begins running at the time a conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"). However, where a conviction became final before the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) took effect, namely April 24, 1996, the limitations period does not toll until one year from the effective date of the AEDPA. *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Since Henderson's convictions became final prior to the effective date of AEDPA, the deadline for filing his petition was April 24, 1997. In limited circumstances, however, AEDPA extends the tolling deadline. One such exception occurs when a constitutional "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Henderson argues that this circumstance is present here since he has alleged a *Blakely* violation.

We have held, however, that *Blakely* does not apply retroactively to cases on collateral review. Henderson thus is not eligible for this exception. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (holding that *Blakely* is not retroactively applicable to initial § 2255 motions). Accordingly, his petition to the district court on February 10, 2005 was untimely.

We DENY COA and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge