FILED
United States Court of Appeals
Tenth Circuit

June 4, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MATTHEW PELLINO,

      Petitioner–Appellant,

v.

GREG PROVINCE, Warden,

      Respondent–Appellee.

No. 10-6014
(D.C. No. 5:09-CV-1049-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Matthew Pellino, an Oklahoma state prisoner proceeding pro se, seeks a certificate

of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254

habeas petition as untimely. We deny a COA and dismiss his appeal.

On April 20, 2006, Pellino was convicted of first degree manslaughter in

Oklahoma state court after entering a plea of nolo contendere. He was sentenced to

twenty years' imprisonment, the first ten of which were suspended. Pellino did not file a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

direct appeal, but sought state post-conviction relief on August 1, 2008.

After his state claim was denied, Pellino filed a § 2254 petition in federal district court in September 2009. A magistrate judge sua sponte raised the issue of timeliness, provided Pellino an opportunity to brief the question, and ultimately issued a report and recommendation concluding the petition was untimely. Over objection by Pellino, the district court adopted the magistrate's report and recommendation in its entirety and dismissed the petition. The court also denied Pellino's request for a COA. Pellino filed a timely appeal and request for a COA with this court.[1]

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1)(A). Because the district court dismissed his petition on a procedural ground, Pellino may not obtain a COA unless he demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for the filing of a § 2254 petition, § 2244(d)(1), which generally begins on the date a prisoner's conviction becomes final, Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000) (citing § 2244(d)(1)(A)). Pellino contends his petition should be governed by § 2244(d)(1)(D), which starts the limitations period on "the date

---

[1] Because Pellino's application for COA serves as the functional equivalent of a notice of appeal, it satisfies Federal Rule of Appellate Procedure 3. See Smith v. Barry, 502 U.S. 244, 248-249 (1992).

- 2 -

on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In support of this argument, Pellino makes vague assertions that his attorney lied and misled him, and claims that he could not have discovered this misconduct until he received a letter from his attorney in July 2008. However, because the letter is almost entirely unrelated to Pellino's ineffective assistance of counsel claim, it cannot serve as a basis for applying § 2244(d)(1)(D).[2]

Pellino also argues that the district court should have tolled the limitations period from July 2006 to July 2007 because he did not have access to a law library during that span. Yet, even if we assume tolling during this period would be proper, Pellino's petition would nonetheless be untimely.

For the forgoing reasons, we **DENY** a COA and **DISMISS** the appeal. We **GRANT** Pellino's motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[2] One point of overlap exists: In his § 2254 petition, Pellino argues his counsel was ineffective for failing to challenge the sentencing judge's impartiality based on the judge's personal relationship with a victim of a drunk driver. Counsel responded to this allegation in the July 2008 letter.

This overlap does not merit application of § 2244(d)(1)(D). The judge stated at the sentencing hearing itself that he had lost a family member to a drunk driver. Therefore, Pellino was aware of the judge's alleged bias—and his attorney's alleged failure to request reassignment of the case—on the very day he was sentenced.