FILED
United States Court of Appeals
Tenth Circuit

June 19, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY LEE LONGORIA,

      Petitioner - Appellant,

v.

JAMES FALK; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 13-1472
(D.C. No. 1:13-CV-00283-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Billy Lee Longoria, a Colorado state inmate proceeding pro se, appeals the

dismissal by the United States District Court for the District of Colorado of his

application for relief under 28 U.S.C. § 2254. The district court held that his application

was time barred because he did not comply with the one-year statute of limitations under

---

    [*] After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d). We granted a certificate of appealability and requested that the State of Colorado file a response brief. In its response the State concedes that Mr. Longoria's application was timely. We agree. Accordingly, we reverse the district court's order and judgment of dismissal, and remand for further proceedings.

AEDPA imposes a one-year statute of limitations on applications for relief under § 2254. *See id.* The limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." *Id.* § 2244(d)(1)(A). But the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). The limitations period is also tolled "during the period in which the petitioner *could have* sought an appeal under state law" of a postconviction application, even if the petitioner chooses not to do so. *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000).

Statute-of-limitations calculations under AEDPA follow the rules for computing time limitations set forth in Fed. R. Civ. P. 6(a). *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003). Under those rules the first day counted toward the one-year period is the day after the event that triggers the limitations period and the last day counted is the last day to file. *See id.*; Fed. R. Civ. P. 6(a)(1). Therefore, in the absence of tolling the applicant's last day to file a § 2254 application under AEDPA is the anniversary of when the judgment became final. *See Hurst*, 322 F.3d at 1261–62.

2

Further, Rule 6(a) instructs that if the last day of the tolling period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

It appears that the district court's mistake was caused by two misapplications of these rules: (1) it counted the days of events that ended a period of tolling when it should have resumed running the limitations period the day after the triggering events (December 14, 2008, and March 29, 2009); [1] and (2) it did not allow the applicant an extra day when the last day to file an appeal was a Sunday (December 14, 2008, and March 29, 2009). Applying those rules gives Mr. Longoria enough extra days to make his application timely.

We REVERSE the district court's order and judgment of dismissal, and REMAND for further proceedings. We GRANT Mr. Longoria's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

---

[1] The March date refers to the expiration of Mr. Longoria's time to appeal to the Colorado Supreme Court the denial of his state postconviction motion. We must defer to Colorado law to determine the time for appeal in its courts. But the Colorado rule for calculating time periods is identical to the federal rule in the relevant respects: "the day of the event from which the designated period of time begins to run is not to be included"; and if the last day of a time period falls on a weekend or a legal holiday, "the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday." Colo. R. Crim. P. 45(a).