FILED
United States Court of Appeals
Tenth Circuit

February 24, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY LEE LONGORIA,

      Petitioner - Appellant,

v.

JAMES FALK; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 14-1466
(D.C. No. 1:13-CV-00283-WJM)
(D. Colo.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

Petitioner-Appellant Billy Lee Longoria, a state inmate proceeding pro se,

seeks a certificate of appealability (COA) to appeal the district court's denial of

his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Longoria v.

Falk, No. 13–cv–00283–WJM, 2014 WL 5313948 (D. Colo. Oct. 17, 2014). We

deny his request for a COA and dismiss the appeal.

Background

In 2003 and 2004, Mr. Longoria was charged in three separate cases in

Denver County District Court with ten counts of theft, burglary, and criminal

impersonation. Doc. 10-4 at 1–2. The cases were consolidated for trial. The jury convicted Mr. Longoria of two counts of theft, two counts of burglary, two counts of motor vehicle theft, one count of theft by receiving, and one count of criminal impersonation and sentenced him to a total of 117 years in prison. Id. at 3. The Colorado Court of Appeals affirmed his conviction on direct appeal, People v. Longoria, No. 05CA2579 (Colo Ct. App. Apr. 17, 2008) (unpublished) (Doc. 10-4), and the Colorado Supreme Court denied certiorari.

On December 9, 2009, Mr. Longoria filed a motion for post-conviction relief in Colorado, alleging ineffective assistance of counsel, judicial bias, and juror bias. The district court denied the petition, the Colorado Court of Appeals affirmed, People v. Longoria, No. 10CA1895 (Colo. Ct. App. Apr. 26, 2012) (unpublished) (Doc. 10-10), and the Colorado Supreme Court denied certiorari.

On February 1, 2013, Mr. Longoria filed a federal habeas petition. R. 6. He claimed ineffective assistance of counsel on three grounds: (1) failure to adequately question a biased juror during voir dire; (2) failure to request disqualification of a juror at trial; and (3) failure to request recusal of the trial judge. Id. at 12. The district court dismissed the petition as time-barred, but we reversed. Longoria v. Falk, 569 F. App'x 580 (10th Cir. 2014). The district court subsequently dismissed Mr. Longoria's petition. Longoria, 2014 WL 5313948.

## Discussion

For this court to grant a COA, Mr. Longoria must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Because the state courts decided his federal claims on the merits, Mr. Longoria must demonstrate that the state courts' resolution either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1)–(2). Under the "contrary to" clause, a federal court may grant the writ "if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000). Under the "unreasonable application" clause, a federal court may grant the writ only if "the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. We have examined the Colorado Court of Appeals' resolution of the federal claims, and, like the district court, we conclude that it is consistent with federal law and based on a reasonable determination of the facts.

To establish ineffective assistance of counsel, Mr. Longoria must show: (1) deficient performance—"that counsel's representation fell below an objective standard of reasonableness"; and (2) prejudice—"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

The Colorado Court of Appeals rejected Mr. Longoria's claim that counsel was ineffective for failing to adequately question a juror (Juror R) who knew one of the witnesses and made a phone call during a recess in the case. R. 212–15. The court reasoned that the questioning of the juror was adequate and that no challenge for cause was supported by the evidence; hence, counsel's performance was not deficient. Id. at 214–15. Neither could a showing of prejudice be made. The district court's conclusion that the Colorado Court of Appeals' resolution is consistent with federal law is not reasonably debatable.

Likewise, the Colorado Court of Appeals rejected Mr. Longoria's claim that counsel was ineffective for failing to request that a juror (Juror Z) be replaced because of his familiarity with an item in evidence (overalls found in Mr. Longoria's hotel room). Id. at 215–17. The state district court instructed the juror that Mr. Longoria was not charged with any taking of the overalls, and the juror affirmed that it would not interfere with him being a fair and impartial juror. Accordingly, the Colorado Court of Appeals determined that Mr. Longoria could not show deficient performance or prejudice. The federal district court's

conclusion that these determinations were consistent with federal law is not reasonably debatable.

Similarly, the Colorado Court of Appeals' conclusion that any attempt to recuse the trial judge probably would have failed for lack of a factual basis is supported by its decision. Id. at 217–21. The Colorado Court of Appeals concluded that Mr. Longoria could not show deficient performance or prejudice, and the district court's acceptance of that conclusion is not reasonably debatable.

Finally, we consider the district court's denial of an evidentiary hearing. Our review is for an abuse of discretion. United States v. Moya, 676 F.3d 1211, 1214 (10th Cir. 2012). Though it is unclear what specific evidence Mr. Longoria believes he might unearth via an evidentiary hearing, he appears to generally seek evidence of his trial counsel's state of mind during voir dire and trial. Aplt. Br. 6–7. But a district court is not required to hold a hearing absent a firm idea of what the testimony is likely to show. United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004). Further, Mr. Longoria's request is foreclosed by Cullen v. Pinholster, 131 S. Ct. 1388 (2011), which held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Id. at 1398. While evidentiary hearings may nevertheless be appropriate under some circumstances, such as where the state court applied the improper legal standard and disputed issues of fact remain, see Milton v. Miller, 744 F.3d 660, 673 (10th Cir. 2014), those circumstances are not present here.

For the foregoing reasons, we DENY Mr. Longoria's request for a COA, DENY his request to proceed IFP, and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge