FILED
United States Court of Appeals
Tenth Circuit

July 27, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARRIUS DAJUAN COHEE,

     Petitioner - Appellant,

v.

JAMES YATES,

     Respondent - Appellee.

No. 18-6071
(D.C. No. 5:17-CV-01384-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Darrius Cohee seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss the appeal.

**I**

In February 2014, Cohee pled guilty in Oklahoma state court to conspiracy to traffic a controlled dangerous substance and aggravated trafficking in illegal drugs. He was sentenced to eighteen years' imprisonment. Cohee did not file a direct

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal, and his attempts to obtain relief through collateral state proceedings were unsuccessful.

He then filed a § 2254 habeas petition in district court. A magistrate judge recommended that the application be dismissed as untimely. After Cohee filed objections, the district court adopted the recommendation and dismissed Cohee's petition. This timely appeal followed.

**II**

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. 28 U.S.C. § 2253(c)(1). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard, Cohee must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitations period. 28 U.S.C. § 2244(d)(1). In this case, the limitations period began to run on the date on which Cohee's judgment became final. § 2244(d)(1)(A); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Because Cohee did not appeal, his conviction became final ten days after the entry of judgment, on March 6, 2014. See Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). Cohee filed his habeas petition on December 29, 2017—over two years after

the limitations period expired. Under § 2244(d)(1), this action is therefore untimely absent equitable tolling.[1]

Cohee argues that he is entitled to equitable tolling based on ineffective assistance of counsel, abuse of discretion by the trial court, and errors by the Oklahoma Court of Criminal Appeals ("OCCA"). According to Cohee, during the ten-day period following his guilty plea, his trial attorney ignored his calls. Cohee contends that his attorney's conduct constituted an improper denial of his Sixth Amendment right to counsel during appellate proceedings, which should render his petition timely. But as the magistrate judge properly held, Cohee failed to show that he "diligently pursue[d]" this claim below and has not "demonstrate[d] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Cohee's remaining arguments fare no better. He argues that the trial court committed abuse of discretion, but provides little detail. See Carney v. Okla. Dep't of Pub. Safety, 875 F.3d 1347, 1351 (10th Cir. 2017) ("Although we construe [a pro se litigant's] papers liberally, we cannot make arguments for him." (citation omitted)). Cohee also argues that the OCCA erred by failing to engage in plain error review of inadmissible evidence, refusing to reach his application on appeal, and refusing to rule on his request for an evidentiary hearing. Because his claims are time-barred, we do not address the merits of the OCCA's decision.

---

[1] Cohee is not entitled to statutory tolling because his application for post-conviction relief was filed after the AEDPA limitations period had ended. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

3

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Cohee's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge