**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 31, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

STEFON WYTCH,

    Petitioner - Appellant,

v.

DAVID ROGERS, Interim Warden,

    Respondent - Appellee.

No. 25-5150
(D.C. No. 4:24-CV-00545-CVE-SH)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Pro se petitioner Stefon Wytch requests a certificate of appealability to challenge the district court's denial of his habeas petition pursuant to 28 U.S.C. § 2254.  Wytch fails to adequately address the district court's findings that his petition is untimely and not subject to tolling.  We therefore **DENY** the application for a COA and **DISMISS** this matter.

## I.    Background

Wytch was tried and convicted by a jury of first-degree murder and feloniously pointing a firearm in the District Court of Tulsa County.  The state court sentenced him to

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

life in prison without parole for the first-degree murder charge and ten years for the firearm charge.

Wytch appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals, arguing that: (1) introduction of other-crimes evidence denied him a fair trial; (2) the prosecutor made comments in his closing argument that improperly shifted the burden of proof to Wytch; and (3) the sentences recommended by the jury and ultimately imposed by the court were excessive. Upon review, the OCCA affirmed his convictions and sentences. Wytch then sought relief from the judgment through additional state proceedings but was unsuccessful. A procedural timeline is particularly helpful here:

| August 29, 2019 | OCCA affirms convictions and sentences |
|---|---|
| July 29, 2020 | First Application for post-conviction relief filed |
| October 12, 2022 | State district court dismisses First Application |
| March 10, 2023 | First Petition for appeal filed |
| March 24, 2023 | OCCA declines jurisdiction for failure to supply the district court's order and dismisses First Petition as untimely |
| April 10, 2023 | Second Petition for appeal filed |
| May 8, 2023 | OCCA declines jurisdiction and dismisses Second Petition as untimely |
| August 9, 2023 | Second Application for post-conviction relief filed (request for out-of-time appeal) |
| August 22, 2023 | State district court denies Second Application |
| August 15, 2024 | Petition for writ of habeas corpus filed with OCCA |
| August 30, 2024 | OCCA declines jurisdiction and dismisses petition |
| October 1, 2024 | Instant petition filed |

As noted above, Wytch filed a 28 U.S.C. § 2254 habeas petition in October 2024.[1] He raised two claims for relief: (1) trial counsel was ineffective for failing to seek removal of a biased juror, and (2) the admission of ballistics evidence that was not properly tested deprived him of a fair trial.

The respondent—interim warden of the Red Rock Correctional Center where Wytch is currently incarcerated—filed a motion to dismiss Wytch's petition because his claims were unexhausted and untimely. The district court agreed that Wytch's petition was time barred and granted respondent's motion on that basis alone. In that same order, the court denied a COA.[2]

## II.    Discussion

"If the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim," the petitioner must satisfy a two-part threshold inquiry to be granted a COA. *Aragon v. Williams*, 819 F. App'x 610, 612 (10th Cir. 2020). Petitioner must show: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). We do

---

[1] Wytch filed his petition in the Western District of Oklahoma. His case was transferred to the Northern District of Oklahoma, where the District Court of Tulsa County is located, for further proceedings. R. 25–28.

[2] The district court granted leave to proceed with IFP status and did not modify or revoke the status for Wytch's appeal in its judgment. Accordingly, Wytch may continue to proceed IFP in our circuit without further authorization. *See* Fed. R. App. P. 24(a)(3). Wytch's motion for IFP status is therefore moot.

not consider the merits of an appeal if petitioner cannot satisfy both parts of the inquiry. *Id.* (citing *Gibson v. Klinger*, 232 F.3d 799, 802 (10th Cir. 2000)).

### A. Legal Standard

"The Antiterrorism and Effective Death Penalty Act of 1996 prescribes a one-year statute of limitations for habeas petitions." *Id.* at 613 (citing 28 U.S.C. § 2244(d)(1)). "The limitations period generally runs from the date on which the state judgment became final after direct appeal." *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (citing 28 U.S.C. § 2244(d)(1)(A)). But if invoked, other events may also be relevant in determining the appropriate limitations period. Section 2244(d) provides:

> The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). The deadline is also "tolled during the time state post-conviction review is pending." *Preston*, 234 F.3d at 1120 (citing § 2244(d)(2)).

4

An important condition is that the state post-conviction or other collateral review must have been a "properly filed application." § 2244(d)(2).

### B.    Statute of Limitations

The district court held that Wytch's habeas petition, absent any tolling events, is untimely because it was filed past the applicable limitations period.

Wytch fails to articulate arguments that the district court erred, and states generally that his writ was improperly dismissed because it "was in time upon filing with the U.S. Western District of Oklahoma." Pet. Br. 3. Liberally construing Wytch's brief, he seemingly argues that his appeal to the Western District of Oklahoma was timely filed, and thus his writ should not have been dismissed. Pet. Br. 1 ("I filed my habeas application with the court clerk of the Western District of Oklahoma on Oct. 01, 2024 received by court clerk on Oct. 03, 2024. An a [sic] complete attached consent form to Magistrate Judge jurisdiction form to the Western District of Oklahoma."). Although Wytch does not cite to any legal authority in support of his conclusory argument, we exercise our discretion and consider Wytch's appeal on the statute-of-limitations issue only. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (concluding a plaintiff forfeits issues for review if his briefs are "wholly inadequate" and fails to comply with the briefing requirements per Federal Rule of Appellate Procedure 28, although the court "may possess discretion to consider his appeal"). Upon review, we agree with the district court that Wytch's petition was untimely absent any tolling events.

5

The OCCA affirmed Wytch's convictions and sentences on August 29, 2019. R. 58–67. Wytch had ninety days to seek direct review of his case before the United States Supreme Court. *See* Sup. Ct. R. 13 (stating a petition for a writ of certiorari is timely when it is filed within ninety days following the entry of judgment). "Because [Wytch] did not file a petition for certiorari to the United States Supreme Court, the one-year period of limitation started to run ninety days after [August 29, 2019]." *See Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000). The one-year clock thus began running on November 27, 2019, and Wytch had until November 27, 2020 to file a habeas petition, absent any tolling of the limitations period. Wytch's habeas petition was filed on October 1, 2024. Even with the extensions provided under Federal Rule of Civil Procedure 6(a)(1),[3] Wytch's petition was filed far past the allotted deadline absent any tolling events.

Wytch's argument that his original petition filed in the Western District of Oklahoma was timely is without merit. That petition was filed on October 1, 2024. The transfer of his appeal to the Northern District of Oklahoma did not change any of Wytch's dates or deadlines.[4]

---

[3] "Rule 6(a) instructs that if the last day of the tolling period 'is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.'" *Longoria v. Falk*, 569 F. App'x 580, 581 (10th Cir. 2014) (quoting Fed. R. Civ. P. 6(a)(1)(C)).

[4] The district court liberally construed Wytch's petition and considered whether § 2244(d)(1)(B) applied based on his allegation that the correctional facility was on lockdown. R. 214. But as we have previously found, "even if we consider [Wytch's] lockdown argument as one claiming an impediment under § 2244(d)(1)(B) extending the

### C.    *Statutory or Equitable Tolling*

The district court then determined that Wytch's limitations period is not subject to statutory tolling or equitable tolling, and thus dismissed his petition as untimely. Specifically, the court held that although Wytch's First Application for post-conviction relief temporarily tolled his statute of limitations, his habeas petition was still filed past the limitations period. It then clarified that Wytch's miscellaneous motions and untimely petitions to the OCCA did not entitle him to additional statutory tolling. Finally, the court concluded that equitable tolling is unavailable because Wytch did not raise any arguments indicating that extraordinary circumstances precluded timely submission of his petition.

Wytch's brief and application for a COA do not address or even mention the district court's findings regarding statutory or equitable tolling. Rather, he rehashes his arguments that his trial counsel ineffectively assisted him and that he was denied due process because improper evidence was introduced at trial. Pet. Br. 2–3. But those arguments are immaterial here because the district court dismissed his petition based on untimeliness, not on the merits. *Aragon*, 819 F. App'x at 612.

---

date his conviction became final, [Wytch] has not presented any evidence the lockdown was not related to legitimate penological interests." *Pfeil v. Everett*, 9 F. App'x 973, 978 (10th Cir. 2001) (unpublished) (citation omitted) (noting that the Supreme Court has recognized lockdowns to qualify as impediments only if a petitioner demonstrates that the lockdown was not related to legitimate penological interests (citing *Lewis v. Casey*, 518 U.S. 343, 362 (1996))). Wytch does not mention the lockdown at all in his brief and COA application, nor does he mention any details about the duration or reason for the lockdown below in the district court. We thus decline to consider the issue on appeal.

Undeterred, Wytch asserts that the "district judge erred by not understanding that [his] constitutional claim and rights [were] violated." Pet. Br. 3. But because Wytch's petition was denied on procedural grounds, he must demonstrate not only that he reasonably asserts a "valid claim of the denial of a constitutional right," but also that the district court's untimeliness ruling is questionable. *Aragon*, 819 F. App'x at 612. Wytch's failure to raise arguments regarding the district court's tolling argument is fatal.

To put it more concretely, Wytch has forfeited his right to a review of the district court's tolling decision. *See Garrett*, 425 F.3d at 841 ("[W]hen a pro se litigant fails to comply with [Federal Rule of Appellate Procedure 28], we cannot fill the void by crafting arguments and performing the necessary legal research. . . . In short, the inadequacies of [Wytch's] briefs disentitle him to review by this court."). That Wytch is a pro se litigant does not excuse him from the obligation to "follow the same rules of procedure that govern other litigants." *Id.* at 840 (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). "Although we make some allowances for a pro se plaintiff's failure to cite proper legal authority, . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record," especially when Wytch has not raised the tolling issue at all on appeal. *Id.* (citation modified).

### III.    Conclusion

Wytch has not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that his petition was untimely. *Aragon*,

819 F. App'x at 612 (citation omitted).  We therefore deny his application for a COA and dismiss this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge
