**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERNEST BRIM, a/k/a Bernard Horne,

      Petitioner–Appellant,

v.

ARISTEDES W. ZAVARAS, Colorado
DOC Executive Director; JOHN
SUTHERS, Attorney General of the State
of Colorado,

      Respondents–Appellees.

No. 09-1516
(D.C. No. 1:09-CV-00429-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

      Ernest Brim a/k/a Bernard Horne, a Colorado state prisoner proceeding pro se,

seeks a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254

habeas petition. For substantially the same reasons set forth by the district court, we deny

a COA and dismiss.

---

      [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

In March 1987, Brim was convicted of aggravated robbery, theft, and conspiracy to commit aggravated robbery and theft in Colorado state court. He was sentenced as a habitual criminal to life imprisonment. Brim's convictions were affirmed on direct appeal. On March 1, 1991, the Colorado Supreme Court denied certiorari. Brim did not seek a writ of certiorari from the United States Supreme Court.

In February 1994, Brim filed a motion in state court for post-conviction relief advancing eighty-five claims. Following a hearing, the court denied many of Brim's claims and set others for a subsequent hearing. Brim then filed numerous motions in the trial court, along with two petitions for writs of mandamus in the Colorado Supreme Court. The mandamus petitions were denied in late 1997. Brim's petition for rehearing was rejected by the Colorado Supreme Court on January 6, 1998.

Brim's criminal docket sheet shows no activity over the next six years. On June 7, 2004, the court received a letter from Brim, which was characterized as a post-conviction motion to vacate an illegal sentence. The trial court denied relief and the Colorado Court of Appeals affirmed. On December 17, 2007, the Colorado Supreme Court denied certiorari.

Brim filed a motion for a "Temporary Restraining Order In Writ of Habeas Corpus" in federal district court on February 27, 2009. After the district court informed him that his filing was deficient, Brim filed a § 2254 petition on May 15, 2009,

advancing seven claims. Brim's petition was dismissed as time-barred, and the district court denied him a COA.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Brim to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Brim's conviction became final on May 30, 1991, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13.1 (1990) (amended 1995). "Where a conviction became final before AEDPA took effect, . . . the limitations period for a federal habeas petition starts on AEDPA's effective date, April 24, 1996." Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Accordingly, Brim had until April 24, 1997, to file his federal habeas petition absent tolling. See United States v. Hurst, 322 F.3d 1256, 1261 n.4 (10th Cir. 2003).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" AEDPA's one-year limitations period. § 2244(d)(2); see

§ 2254(d)(1). Even assuming that Brim's state post-conviction motion was not abandoned—thus tolling the statute of limitations for the entire period from April 24, 1996, when the limitations period began, to December 17, 2007, when the Colorado Supreme Court denied certiorari[1]—Brim's petition is untimely. He first filed in federal court on February 27, 2009, more than two months after the limitations period expired on December 17, 2008. See § 2254(d)(1).

Brim argues that we should add ninety days to the tolled period to account for the time during which he could have, but did not, file a petition for writ of certiorari with the United States Supreme Court. He apparently confuses § 2244(d)(2), which tolls the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," and § 2244(d)(1)(A), which sets the start of AEDPA's limitation period on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Although the time to file a certiorari petition in the United States Supreme Court is counted for the latter, it has no relevance for the former. See Rhine v. Boone, 182 F.3d 1153, 1155-56 (10th Cir. 1999).

Brim also asserts that he is entitled to equitable tolling, but provides no factual basis for such tolling. Accordingly, Brim has waived any claim to equitable tolling. See

---

[1] Brim erroneously argues that his state post-conviction proceedings are still ongoing. The Colorado Supreme Court's denial of certiorari ended those proceedings.

Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[Equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

### III

We **DENY** a COA and **DISMISS** Brim's appeal.  Brim's motion for leave to proceed in forma puaperis is **GRANTED**.  All other pending motions are **DENIED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge