**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ERNEST BRIM, a/k/a Bernard Horne,

Petitioner - Appellant,

v.

BERRY GOODRICH,
Warden/Superintendent, BCCF; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents - Appellees.

No. 15-1114
(D.C. No. 1:14-CV-01784-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **HARTZ** and **HOLMES**, Circuit Judges.

---

Ernest Brim a/k/a Bernard Horne, a Colorado prisoner proceeding pro se, seeks

a certificate of appealability (COA) to appeal the district court's dismissal of his

28 U.S.C. § 2254 habeas corpus application for lack of jurisdiction. He also seeks

leave to proceed on appeal in forma pauperis (IFP). Exercising jurisdiction under

28 U.S.C. §§ 1291 and 2253(a), we conclude that the application for a COA is

frivolous and deny it.

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Brim was convicted in Colorado state court in March 1987 of aggravated robbery and theft, as well as conspiracy to commit those crimes, and he was sentenced to life imprisonment as a habitual criminal. *Brim v. Zavaras*, 371 F. App'x 885, 885 (10th Cir. 2010) (No. 09-1516). In May 2009, he filed his first § 2254 habeas petition, which the district court dismissed as time-barred. *Id.* at 886. He sought to appeal, but we agreed with the district court and denied his application for a COA. *See id.* at 886-87.

In his most recent petition, Mr. Brim challenged the validity of his sentence as a habitual criminal. D.C. Doc. 34, at 2. In an order entered on February 18, 2015, the district court determined that he had raised the same claim in his first habeas petition, which had been dismissed as time-barred, and that the new petition was an unauthorized successive petition that must be dismissed for lack of jurisdiction. *Id.* at 2-4. The court declined to transfer the petition to this court for authorization because Mr. Brim failed to show that his claim was "based on either a new rule of constitutional law or newly discovered evidence as required pursuant to [28 U.S.C.] § 2244(b)(2)," because his claim was time-barred, and because "there is no indication that the claim Mr. Brim seeks to raise has any merit." *Id.* at 4-5. The court denied Mr. Brim a COA and denied his motion for leave to proceed on appeal IFP because any appeal would be frivolous. *See id.* at 5.

## I. Notice of Appeal

Mr. Brim's notice of appeal was filed on March 23. On March 31, we entered an order noting that Mr. Brim's notice of appeal was due by March 20 under Fed. R. App. P. 4(a)(1)(A), and directing Mr. Brim to file a memorandum brief addressing the timeliness of his notice of appeal. In his brief, he declared under penalty of perjury that, on March 18, 2015, he placed his notice of appeal, with postage affixed, in the hands of a prison official to be placed in the mail, so he is entitled to the benefit of the prison mailbox rule. Generally, "a *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline." *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005). We accept Mr. Brim's sworn declaration. Accordingly, we will consider his application for a COA.

## II. COA and IFP

A COA is a jurisdictional prerequisite to our review of the district court's decision. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if [Mr. Brim] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied his habeas application on procedural grounds, we will grant a COA only if the district court's procedural ruling is reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We conclude that it is not debatable. "The dismissal of Mr. [Brim's] first habeas petition as time-barred was a decision on the merits. . . ." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam). Because the habeas application Mr. Brim filed in 2009 was adjudicated on the merits, the recent application he presented to the district court was second or successive, and he was required to obtain this court's authorization to file it. *See* 28 U.S.C. § 2244(b)(3)(A). But he did not do so. In his current request for a COA, Mr. Brim does not provide a basis for granting a COA.

"A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). When presented with an unauthorized second or successive application, the district court has the option to transfer the application to this court if a transfer is in the interest of justice or dismiss it for lack of jurisdiction. *See id.* at 1252. The district court decided to dismiss, clearly explaining its reasons for that decision. Nothing before us indicates that any reasonable jurist would disagree with it. The COA application is frivolous.

In order to succeed on a motion for leave to proceed IFP on his COA application, Mr. Brim "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505

(10th Cir. 1991) (addressing standard for IFP on appeal).  He has not shown a nonfrivolous issue in his COA application.

Mr. Brim's application for a COA and his motion for leave to proceed IFP are denied, and the matter is dismissed.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk